IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
RAYLA DROTOS,               )
                            )
      Plaintiff,            )
                            )        CIVIL ACTION NO.
      v.                    )        2:20cv732-MHT
                            )            (WO)
OLLIE'S BARGAIN OUTLET,     )
INC.,                       )
                            )
      Defendant.            )
```

ORDER

The allegations of the notice of removal are insufficient to invoke this court's removal jurisdiction under 28 U.S.C. §§ 1332 (diversity of citizenship) and 1441 (removal).  To invoke removal jurisdiction based on diversity, the notice of removal must distinctly and affirmatively allege each party's citizenship.  *See McGovern v. American Airlines, Inc.*, 511 F. 2d 653, 654 (5th Cir. 1975) (per curiam).  The allegations must show that the citizenship of each plaintiff is different from that of each defendant. *See* 28 U.S.C. § 1332; *see also* 2 James Wm. Moore, et

al., Moore's Federal Practice § 8.03[5][b] at 8-16 (3d ed. 2006).

To properly allege the citizenship of a corporation, the notice of removal must state both "every State and foreign state by which it has been incorporated" and "the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The removal notice does not properly indicate the citizenship of the corporate defendant, Ollie's Bargain Outlet, Inc., as it does not provide the State(s) of incorporation.

\*\*\*

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the defendant has until November 10, 2020, to amend the notice of removal to allege jurisdiction sufficiently, *see* 28 U.S.C. § 1653; otherwise this lawsuit shall be remanded to state court.

DONE, this the 27th day of October, 2020.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE